IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 0 2012

David J. Bradley, Clerk of Court

| | |
|---|---|
| TEXAS SERENITY ACADEMY INC., MICHELLE FOREMAN, JOHNNY JACKSON, LARRY JENKINS, MARIBEL VITE-GRESS, MARCIA ROWE AND HAGMON SIMMONS<br>Plaintiffs, | §§§§§§§ |
| V. | §§ |
| DON JOHNSON, FREDDIE L. OLIVER, VALTON EASON, SAMUEL GLAZE, RAY IRVIN, RAPHAEL BAEZ AND THE CITY OF HOUSTON, TEXAS<br>Defendants. | §§§§§§ |

CIVIL ACTION NO. 4:12-CV-00550

## DEFENDNATS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSELS OF RECORD

### INTRODUCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** DON R. JOHNSON, Defendant, Pro Se hereby files in the above entitled and numbered cause and files this Motion to Disqualify Plaintiffs' Counsels of record under 42 U.S.C. rule 1985 (1) Depriving person of rights and privileges (2) Obstructing Justice, (3) Preventing officer from performing duties and Texas Disciplinary Rule of Professional Conduct, Rule 1.09, 1.06, 1.05, 5.03, 1.12, and 1.13 complaining that Ms. Tina Andrews in her position as Special General Counsel for Texas Serenity Academy, Inc., and Mr. Kelly Evans, Plaintiffs' attorneys violated my civil rights and would respectfully show the court as follows:

### PARTIES

1. Don R. Johnson is an individual and US citizen who reside in Harris County, Texas
2. Mr. Don R. Johnson is a distinguished professional military retired Non-Commissioned officer decorated with 2 Achievement Medal for outstand performance, 2 Accommodations Medals for outstanding performance and Bravery and a Meritorious Service Medal presented by the President of The United States of America, authorized by Executive Order for distinguishing himself in the performance of outstanding service to the United States of America.

3. Mr. Don R. Johnson is a 2 time Pinnacle Award winner as outstanding minority business in Houston as well as Black Enterprise National Business Innovator of the year Award winner in the Health Profession Industry.
4. Defendant Don R. Johnson is the Founder, Financier, and only legal serving President of Texas Serenity Academy Corporation since its formation and signed the Bylaws in July 1998.
5. On November 30, 2010, his name remained on record as President of Texas Serenity Academy Corporation at the Texas Secretary of State Office.
6. Mr. Johnson applied and received the 501(C) (3) tax exempt status for Texas Serenity Academy Corporation as a non-profit Organization. As of today that exemption remains in Mr. Johnson's name.
7. Don R. Johnson is the Founder and Financier of Texas Serenity Charter School.
8. Mr. Johnson opened 7 out of 9 bank accounts for Texas Serenity Academy Corporation at Wachovia Bank (Purchased by Well Fargo Bank) in January 2007.
9. His name remained as an authorized signer on these bank accounts as of November 29, 2010.
10. He signed the original charter school contract with Texas Education Agency in 1998 and the renewal contract in 2005. The school operates today under the contracts signed by Mr. Don R. Johnson, President, Texas Serenity Academy Inc.
11. Plaintiff Don R. Johnson signed the original lease contract for both the Charter School Campus (8500 Sweetwater, Houston, Texas) and Administrative office (262 North Sam Houston Parkway, suite 160, Houston, Texas). He personally guaranteed both lease contracts.
12. Kelly R. Evans is an individual and Attorney resides at 7300 Mead Wood Drive, Austin, Texas 78723 Travis County, Texas and does business in Harris County, Texas.
13. Tina Andrews is an individual and Attorney doing business in Harris County, Texas as Special General Counsel for Texas Serenity Academy, Defendants attorney and Defendant,. Her address on record is P.O. Box 655, Bellaire, Texas 77402. No local physical address known.

## JURISDICTION/ VENUE

14. This action arises under the Civil Rights Act and as such the court has jurisdiction of the person and subject matter herein pursuant to the following statues:

    (a) 28 U.S.C. Section 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

    (b) 28 U.S.C. Section 1343, which gives the district courts original jurisdiction over any civil action authorized by law to be commenced by any person;

i) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

ii) To recover damages from any person who has failed to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

iii) To reduce the deprivation, under color of any State law, statue, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizen or all persons within the jurisdiction of the United States; and

iv) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote and the right to due process.

## FACTUAL BACKGROUND

15. On about November 28, 2011 Mr. Don R. Johnson filed a motion to squash Plaintiff motion to depose him on the grounds that it would violate his civil right to allow Ms. Tina Andrews and Mr. Kelly Evans who has represented him personally on prior cases.

16. In a response from Ms. Andrew, Defendants' Attorney she represented as an officer of the court the following; "Counsel for Texas Serenity Academy Inc., has not represented Don R. Johnson personally and was never hired to represent him personally. Mr. Johnson, as in the current lawsuit, cannot distinguish himself personally from the corporations in which he was employed and/or served on the Boards. Ms. Andrews was hired by Continuum Healthcare System, Inc, National Healthcare and Texas Serenity Academy as litigation counsel, all corporations in which Mr. Johnson served as CEO. In addition, Ms. Andrews has never practiced in the bankruptcy court and has never been licensed in the Southern District of Texas. Mr. Evans has never been hired to represent Mr. Johnson personally nor has he done so outside of Johnson's employment with Texas Serenity Academy." Both of these statements are false and meant to deceive the court. (**See exhibit A**)

17. As Founder/ Majority Owner (75%), Chairman, CEO of Continuum Healthcare System, Inc., I do hereby declare that Ms. Tina Andrews did not represent CHS as a litigation counsel to my knowledge. CHS had an in house legal department and to my knowledge she was not on the company attorney contract list.

18 As Founder/ Majority Owner (75%), Chairman, CEO of National Healthcare System Inc. I do hereby declare that Ms. Tina Andrews did not represent NHS as a litigation counsel to my knowledge.

19 As Founder/President of Texas Serenity Academy Inc., I do hereby declare that Ms. Tina Andrews did not represent Texas Serenity Academy as a litigation counsel to my knowledge until December 1, 2010.

20. Ms. Andrews represented Mr. Don R. Johnson, as his personal creditor attorney in the CHS chapter 7 bankruptcies.

   (a) Case No. 01-39707-H4-11, **Notice of Appearance and Request for Duplicate Notice.** "Tina Andrews, attorney for Don Johnson, hereby gives notice of appearance on behalf of said creditor, and, request that duplicate notice of all proceeding, hearing, and reports, including, but not limited to, notice under Bankruptcy Rule 2002 be sent to its counsel at the following address". **(See exhibit B)**

21. Ms. Andrews represented Mr. Don R. Johnson, as his personal attorney on cases whereby he was sued after vendors filed lift stay in CHS chapter 7 bankruptcy. Mr. Johnson had personally guaranteed these debts and the vendors now came after Mr. Johnson for payment.

Cause Number 2002-08575, **Harris County W.C.I.D. #136 vs. Don R. Johnson ET AL**, "Defendant's Original Answer, General Denial, filed by Tina Andrews, Attorney for Defendant Don Johnson". Texas Bar No. 01254300. **(See exhibit C)**

(a) Cause Number 2001-35601, **INTER-TEL LEASING, INC., Plaintiff, Vs. Continuum Healthcare Systems, Inc., ET AL** Defendants. "Appearance of Counsel, Now Comes Tina Andrews and hereby files this appearance as attorney of record for **Don Johnson and Hagmon Simmons.**" Texas Bar No. 01254300. **(see exhibit D )**

   (b) Cause Number 753-384401, **HPSC, INC., Plaintiff vs. Don R. Johnson, ET AL**, Defendants."Order setting hearing on application for Turnover to Ms. Tina Andrews, Attorney for Don R. Johnson, Defendant". (see exhibit D) Ms. Andrews did not respond or attend the hearing and on April 10, 2003 a judgment was entered against Mr. Johnson. Ms Andrew license to practice law had been suspended by the Texas Bar. On April 11, 2003 Ms. Andrew prepared a motion for rehearing on Plaintiffs application for Turnover for my defendant signature Prose.) **(see exhibit E )**

   (c) Cause Number 857130, Allen Sanders DBA Sanders Transportation, Plaintiff vs. Texas Serenity Academy and Hagmon Simmons Defendants. In 2006 Ms Tina Andrews represented Mr. Sanders and company in a law suit against Texas Serenity Academy and Hagmon Simmons for Breach of contract.**(see exhibit F )**

22. On December 1, 2010, Ms. Tina Andrews was hired to represent Texas Serenity Academy Inc. as Plaintiff's Attorney in a Temporary Restraining Order and Temporary Injunction against it Founder and President Don R. Johnson.**(see exhibit G )**

## CAUSE OF ACTION

23. Defendant hereby realleges, adopt, and incorporate the allegations contained in the Introduction, above as if such were fully copied and forth at length herein.

24 **CONFLICT OF INTEREST**

a. Pursuant to **the Texas Disciplinary Rule Of professional Conduct, Rule 1.09 Conflict of Interest: On December 1, 2010, Ms. Andrews violated Mr. Johnson's Civil Rights** when she filed a Temporary Restraining order and Temporary Injunction on behalf of Texas Serenity Academy Charter School against Mr. Don R. Johnson her former client. She filed this petition without the alleged Board of Directors' majority vote which did not occur until December 9, 2010 cause number 2010-78587(**see exhibit G**). She stated that "On November 29, 2010 Don R. Johnson, a former employee of Texas Serenity Academy Charter School, went to Wells Fargo bank at 1910 Westlake Houston Parkway, Kingwood, Texas 77339 and closed 4 accounts, 2 credit cards, and all debit cards belonging to Texas Serenity Academy Charter School. Defendant Don R. Johnson also received a cashier check **made out to him in the amount of $240,000.00**. Don R. Johnson had no legal authority to access or close any account belonging to Texas Serenity Academy Charter School." (**see exhibit H**)

b. On December 22, 2010 Ms. Andrews and Mr. Kelly Evans both filed an adversary amended petition against her former but Mr. Evans current client Mr. Don R. Johnson, alleging, that Mr. Johnson conspired to commit fraud, theft, infliction of severe emotional distress and mental anguish, false detention, invasion of privacy, trespass, conspiracy, tortuous to interference with contractual relations, official oppression, deprivation of plaintiffs' constitutional rights under federal law and damages. (**See exhibit H**)

a. Pursuant to the Rule 1.09 above it states: (a) a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter **adverse** to the former client.

d. Ms. Andrews is in violation of Rule 1.09 due to her representation of Mr. Johnson in 4 different cases as stated above, cause number, 01-39707-H4-11, cause number 2002-08575, cause number 2001-35601, and cause number 753-384401.

e. In addition, Ms. Andrews violated Rule 1.09 in 2006 due to her representation of Mr. Simmons in cause number 2001-35601 and then filed suit against Texas Serenity Academy, her prior employer and Hagmon Simmons, cause number 857130, her prior boss.

f. Pursuant to Rule 1.10 Successive Government and private Employment. Pursuant to Texas General Administrative law when a non-profit Corporation (the Organization) receives over 50% of its funding from a government agency it is considered a government entity. Texas Serenity Academy Inc. receives over 90% of its budget from a government agency, TEA.

> (1) Mr. Kelly Evans was hired as a Contract employee for the position of General Counsel for Texas Serenity Academy Inc., a Federal Exempt non-profit organization by Mr. Don R. Johnson, President and the Board of Directors of TSA Inc., in 2007. Mr. Evans served in this position until he resigned in September 2010. He handled cases involving Texas Serenity Academy Inc., and

Mr. Johnson, Mr. Simmons, individually cause number 2007-11131. **(See exhibit I)**.

(2) On July 6, 2007, Mr. Evans filed a Motion to substitute attorney of record in the above cause number 2007-11131 to represent Mr. Johnson and Mr. Simmons individually.

(3) On this same date, Mr. Evans filed a Motion to substitute attorney of record in the above cause number 2007-11131 to represent Texas Serenity Academy Inc. f/k/a Texas Serenity Academy Charter School.

(4) On August 5, 2009, Mr. Evans filed a Motion to withdraw as attorney of record for Defendant Don R. Johnson in the same cause number listed above. **(See exhibit J)**

(5) On August 14, 2009, Mr. Waverly R. Nolley filed a response to Mr. Evans' motion to withdraw as attorney of record for Defendant Don R. Johnson, objecting to Mr. Evans' motion and requested that the motion be denied in this same cause number.**(see exhibit K )**

(6) The court did not rule on Mr. Evans' motion to withdraw as attorney of record for Defendant Don R. Johnson; therefore, Mr. Evans remains the Attorney of Record for Mr. Don R. Johnson in cause number 2007-11131. **(See exhibit L)**

(7) On December 22, 2010 Mr. Evans filed an adversary amended petition representing Mr. Hagmon D. Simmons, his current client against Mr. Don R. Johnson his other current client. Thus Mr. Kelly Evans violated Mr. Don Johnson's Civil Rights and Right to Due Process. He violated Rule 1.09 of the Texas Disciplinary Rule of Professional Conduct. **(See exhibit M)**

(8) Pursuant to Rule 1.10 A lawyer shall not represent a private client when a lawyer having information that the lawyer knows or should know is confidential government information about a person or other legal entity acquired when the lawyer was a public officer or employee may not represent a private client whose interests are adverse to that person or legal entity. This rule prevents a lawyer from exploiting his position for the advantage of a private client.

(9) On December 22, 2010 Mr. Evans filed an adversary amended petition representing Mr. Larry Jenkins, Ms Marcia Rowe, Mrs. Larnetta Stewart, Mr. Johnny Jackson, Ms. Michelle Foreman, and Ms. Maribel Vite-Gress, individually as private clients against Mr. Don R. Johnson, President of TSA, Inc., in violation Rule 1.10 of the Texas Disciplinary Rule of Professional Conduct.

Rule 1.06 Conflict of Interest General Rule: (f) **Loyalty to a Client** (1.) Loyalty is an essential element in the lawyer's relationship to a client. An impermissible conflict of interest may exist before representation is undertaken, in which events the representation should be declined. If such a conflict arises after representation has been undertaken, the lawyer must take effective action to eliminate the conflict, including withdrawal if necessary to rectify the situation.

25. Pursuant to Rule 1:12 of Texas Rules of Disciplinary Conduct;

Organization as a Client; A lawyer employed or retained by an Organization represents the <u>entity.</u> A lawyer representing an organization must take remedial actions whenever the lawyer learns or <u>knows</u> that:(a) an officer, employee, or other <u>person</u> associated with the organization has committed or intends to commit a violation of a legal obligation to the organization or a violation of law which <u>reasonably</u> might be imputed to the organization;(b) the violation is likely to result in <u>substantial</u> injury to the organization; and (c) the violation is related to a matter within the scope of the lawyer's representation of the organization.

    a.  Pursuant to Rule 1.12 Ms. Andrews is in violation of this rule by representing herself as a Defendant, all five alleged Directors, Mr. Charles Moore a former Director, Dr. Mills a part time contractor, the Organization- Texas Serenity Academy Inc., and Texas Serenity Charter School.

    b. It is our position that all Parties in the Third party suit have committed violations of a legal obligation to the organization or a violation of law which <u>reasonably</u> might be imputed to the organization; and the violations are likely to result in <u>substantial</u> injury to the organization.

26.        **DEPRIVE DEFENDANT OF HIS RIGHTS AND PRIVILEGES**
                      **ATTORNEY CLIENT PRIVILEGE**

a. It is our position that Ms. Andrews and Mr. Evans both violated Rule 1.05. Confidential information includes both privileged information and unprivileged client information. Privileged information refers to information of a client protected by the principles of attorney-client privilege governed by Rule 5.01 of the Federal Rule of Evidence for the United States Courts. Unprivileged client information means all information relating to a client or furnished by a client, other than privileged information, acquired by the lawyer during the course of or by reason of the representation of the client.

> Pursuant to the Texas Disciplinary Rules of Professional Conduct Rule 1.05 Confidential of Information, paragraph (b) a lawyer shall not knowingly;
> (1) Reveal confidential information of a client or a former client
> (2) Use confidential information of a client to the disadvantage of the client unless the client consents after consultation.
> (3) Use confidential information of a former client to the disadvantage of the former client after the representation is concluded unless the former client consent after consultation or confidential information has become generally known.

It is our position Ms. Andrews used financial information obtain as a result of working for the defendant in the cases listed above against him. It is Defendants position that this is the reason she and Mr. Evans filed the third amended petition and filed a law suit against the defendant attorney and took them to court 10 times in less than 15 months. Ms. Andrews and Mr. Evans filed sanction against defendants twice in 4 months. It is our position that this Abuse of Justice was designed to exhaust defendant's funding while their clients use unlimited government funds to pursue this case. They knew personally about Mr. Johnson financial status of million dollar debts with Medicare, IRS and other venders that were placed on him as a result of ownership of these companies. Ms. Andrews had represented him with several of these vendors.

## 27.     **OBSTRUCTION OF JUSTICE**

  a. On November 29, 2010 Mr. Hagmon D. Simmons, Superintendant of TSA Charter School, Mr. Larry Jenkins, Assistant Superintendant of TSA Charter School, Ms. Marcia Rowe, Chief Finance Officer, Ms. Michelle Foreman, Principal of TSA Charter School and Bobby Mills, Campus Improvement Coordinator, was put under investigation and placed on leave without pay by the President and New Board of Directors of TSA, Inc.

  b. On December 1, 2010, Ms. Tina Andrews filed a Temporary Restraining Order, Temporary Injunction and a Permanent Injunction against Mr. Don Johnson, Freddie L. Oliver, and Mr. Damon Meeks (Mr. Johnson's attorney) stating that "On November 29, 2010 Don R. Johnson, a former employee of Texas Serenity Academy Charter School, went to Wells Fargo bank at 1910 Westlake Houston Parkway, Kingwood, Texas 77339 and closed 4 accounts, 2 credit cards, and all debit cards belonging to Texas Serenity Academy Charter School. Defendant Don R. Johnson also received a cashier check **made out to him in the amount of $240,000.00**. Don R. Johnson had no legal authority to access or close any account belonging to Texas Serenity Academy Charter School."

  c. Ms. Andrews stated, "On November 30, 2010, at the request and directive of Don R. Johnson and without any legal authority, Damon Meeks, Freddie Oliver, a private investigator and 2 Houston Police Officer conspired and appeared at the district office and school premises of Texas Serenity Academy Charter School and demand that all district employees leave the premises. Further, and without any apparent legal authority the Houston Police Officers threatened to arrest any district employee who did not leave the premises." The Plaintiff provided no evidence during discovery to support any of these allegations.

  d. On December 1, 2010, Mr. Ralph W. Adams, Senior Vice President of Wells Fargo Bank

sent a letter addressed to Texas Serenity Academy Inc.,, 262 N. Sam Houston Parkway E., Houston, Texas 77060, Mr. Hagmon Simmons, 16606 Tucumcari, Houston, Texas 77090 and Mr. Don R. Johnson 3806 Cypress Key, Spring, Texas 77388,via U.S. Mail and Certified Mail Receipt Requested and email to both Plaintiff and Defendants attorneys, it states: "....as you are aware, the above Accounts are frozen from all withdrawals or other activity. Wells Fargo will release the freeze upon presentation of either a formal written agreement or instructions executed by both of you or a certified copy of a court order. Notice is hereby given that if Wells Fargo does not receive a written agreement or instructions or court order by December 17, 2010, we will close the accounts, and we may interplead the **FUNDS** with the registry of the court".

- e. On December 14, 2010 Ms. Andrews subpoena Wells Fargo bank for a copy of the alleged cashier's check made out to Don R. Johnson. The Bank attorneys came to Court and declared; "there was never a cashier check made out to Don R. Johnson in the amount of $240,000.00 or any amount in November 2010".

- f. On December 3, 2010 Mr. Don R. Johnson addressed a letter to Mr. Ralph Adams authorizing him to release Texas Serenity Academy Inc., funds so they could make payroll. Payroll was made out of the TSA, Inc payroll account on December 5, 2010.

- g. The November 1-30, 2010 Wells Fargo Bank statement shows that no cashier check in the amount of $240,000.00 was ever taken from the TSA accounts. It reflects that $327,480.75 was transferred from this account to other TSA, Inc accounts, leaving a balance of $97.92. The TSA staff had been using Mr. Don Johnson's TSA USER ID and PASS CODE for the past 2 years and did so this month to move funds into other TSA accounts.

- h. After the Plaintiffs' attorneys Ms. Tina Andrews and Mr. Kelly Evans had received the December 1, 2010 letter from Mr. Ralph Adams, Senior Vice President of Wells Fargo Bank, had received a copy of Mr. Johnson's letter to Mr. Adams authorizing release of TSA frozen fund to make payroll, after payroll was made and Ms. Andrews receiving response from the Well Fargo attorneys concerning her subpoena and receiving the November 1-30, 2010 Wells Fargo Bank statement that shows that there was not an amount of $240,000.00 removed from the bank during the month of November 2010 through any mean, they still continued on with their plan to obstruct justice.

28. The remedy that Ms. Andrews and Mr. Evans requested was not about money or a cashier check but to ask the court to interfere with Mr. Johnson investigation of these employees by restraining Mr. Johnson from the following:
- i. Acting in any capacity as a representative of the Texas Serenity Academy Charter School
- j. Entering the premises of the district office of Texas Serenity Academy Charter School at 262 N. Sam Houston Pkwy East, Ste 140, Houston, Texas 77067
- k. Entering the premises of Texas Serenity Academy Charter School at 8500 Sweetwater, Houston, Texas 77037.
- l. Coming within 500 feet of the School property at 262 N. Sam Houston Pkwy East, Ste 140, Houston, Texas 77067 or at 8500 Sweetwater, Houston, Texas 77037.
- m. Opening and or diverting any mail addressed to Plaintiff.
- n. Canceling, altering, failing to forward any mail, insurance notices or premiums, credit card

and bank statements, relating or belonging to the Plaintiff;
o. Soliciting any member of the plaintiff.
p. Contacting the Texas Education Agency or any other agency or organization Texas Serenity Academy Charter School is under the purview of or associated with.
q. They ask the court to immediately temporary restrain Don R. Johnson, Freddie L. Oliver and Damon Meeks from the above to obstruct justice

29. On December 22, 2010, they file another amendment including 4 of the 5 individuals placed on administrative suspension as plaintiffs and listed 3 others who were not involved to try to hide the obstruction of justice.
30. On June 27, 2011, Texas Serenity Academy Inc. admitted in Plaintiff's Response to Defendant's First Request for Production that there was not a cashier's check made out to Defendant Don R. Johnson in the amount of a $240,000.00 or any amount from Wells Fargo Bank.
31. Pursuant to the Texas Disciplinary Rule of Professional Conduct Rule 3.03, item (a) A lawyer shall not knowingly make a false statement of material fact or fail to disclose a fact when disclosure is necessary to avoid assisting a criminal or fraudulent act, offer or use evidence that the lawyer knows to be false.
32. Paragraph 8, When a lawyer learns that the lawyer's service have been <u>improperly utilized in a civil case to place false testimony</u> or other material into evidence , the rule generally recognized is that the lawyer must disclose the existence of the deception to the court or to the other party, if necessary rectify the deception. But if the lawyer does nothing the lawyer would be aiding in the deception of the court. The lawyer could in effect being a party to fraud on the court.

33.     **<u>Preventing Officer from Performing Duties</u>**

34. This deception of the court to obtain a TRO/TI prevented the investigators from performing their duty in protecting the property of the Texas Tax payers.
35. It allowed the plaintiff to destroy, dispose of, or alter any financial records of the TSA, including but not limited to records from financial institution, all records of credit purchase or cash advances, tax returns, and financial statements.
36. It allowed the plaintiff to destroy, dispose of, and alter any email or other electronic data relevant to the subject matter being investigated, whether stored on a hard drive or on a diskette or other electronic storage device.
37. Finally the records show that Ms. Andrews filed the TRO/TI on December 1, 2010 without legal authority. She was not hired to represent TSA, Inc until December 9, 2010, when the alleged board of directors met.(see exhibit L)

38. Ms Andrews and Mr. Evans filed suit against the defendants' attorney and when they changed attorney they filed sanction against the new legal team 2 times in 4 months. They took these defendants to court over 10 times in 15 months, and threaten to file sanction against these defendants as Prose three times. They harassed and intimidated the defendants in a Malicious attempt of Prosecution.

## Prayer

39. For these reason, Defendant ask the court to find against the Plaintiff for violation of Defendant Don R. Johnson civil right and prejudice his opportunity to receive a fair and impartial hearing: Depriving his rights and privileges (2) Obstructing Justice, (3) Preventing officer from performing duties.
40. We ask that these attorneys be removed from this case with prejudice and that this case be dismissed with prejudice.
41. In addition, I ask the court to sanction these attorneys as permitted of the Federal Rules of Civil Procedure and remedies. The Defendant Don R. Johnson asks the court to grant Defendant Don R. Johnson any and all additional other relief to which the Defendant is entitled, at law on in equity.

Respectfully Submitted

BY: _____
DON R. JOHNSON **PROSE**
4008 Louetta Road #274
Houston, Texas 77388
Telephone No: 832-444-4834

## CERTIFICATE OF SERVICE

I certify that a copy of the Defendant Don R. Johnson **DEFENDNATS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSELS OF RECORD.** Tina Andrews through U.S. Mail at P.O. Box 655, Houston, Texas, 77402 and Kelly R. Evans, P.O. Box 142534, Austin, Texas 78714-2534 on June __, 2011, and Raphael Baez, Samuel Glaze, and Ray Irvin and the City of Houston through their attorneys Mr. Donald J. Flemings and Ms. Deidra A. Norris P.O. Box 368, Houston, Texas 77001-0368.

Don R. Johnson Prose
4008 Louetta Rd # 274
Spring, Texas 77388
832-444-4834