IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEXAS SERENITY ACADEMY, INC., ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. H-12-0550 |
| SAMUEL GLAZE, ET AL., | § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending in this case that has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and General Order No. 80-5 is Defendant Don R. Johnson's Motion to Disqualify Plaintiffs' Counsel of Record (Document No. 19), Defendant Johnson's Motions for Sanctions (Document Nos. 22 & 25), Defendant Johnson and Defendant Oliver's Motion for Mandatory and Court Ordered Indemnification (Document No. 24), and Defendant Johnson's Motion for Default Judgment (Document No. 35). Having considered the motions, responses, the claims and issues in this case, and the applicable law, it is ORDERED, for the reasons set forth below, that all the foregoing motions (Document Nos. 19, 22, 24, 25, and 35) are DENIED.

**I.   Background**

This case centers around each sides' claim to control a Texas Charter School, Texas Serenity Academy School (referred to hereafter as "the School"). Defendant Don R. Johnson was, at one time, the President of the Board of Directors of the School. He also appears to have initially formed the non-profit corporation, Texas Serenity Academy, Inc., to operate the School. The School is

governed by the rules and regulations promulgated and enforced by the Texas Education Agency.

The events surrounding the claims in this case took place in November 2010. Plaintiffs allege that Defendant Johnson, on November 29, 2010, approximately a year and a half after he had voluntarily resigned from his position as President of the School Board, withdrew funds and closed accounts belonging to "Texas Serenity Academy."[1] Plaintiffs further allege that Defendants Valton Eason, and Freddie L. Oliver, along with three Houston Police Department officers, identified as Samuel Glaze, Ray Irvin and Raphael Baez, acting at the behest of Defendant Johnson, entered the School's premises, ordered the individual Plaintiffs (Johnson, Jenkins, Vite-Gress, Rowe, Simmons and Stewart) to vacate their offices or face arrest, and evicted and suspended without pay the School's principal, Plaintiff Foreman. Plaintiffs have asserted conspiracy and civil rights claims under 42 U.S.C. § 1983 against all Defendants. Plaintiffs have also alleged state law claims of fraud, theft, intentional infliction of emotional distress, false detention, invasion of privacy, trespass, conspiracy, tortious interference with contractual relations, official oppression and breach of fiduciary duty.

Each of the aforementioned motions were filed by Defendant Johnson, who is proceeding in this case *pro se*. In the Motion to Disqualify and the Motion(s) for Sanctions, Johnson complains that Plaintiffs' counsel in this case, Tina Andrews and Kelly Evans, have represented him before and

---

[1] Plaintiffs' current pleading, their Fourth Amended Petition, which was filed in state court prior to removal, does not clearly identify "Texas Serenity Academy." While it appears that there is a charter school named "Texas Serenity Academy," and a non-profit corporation named Texas Serenity Academy, Inc., Plaintiffs refer to the two interchangeably. Thus, is cannot be determined from the parties' pleadings or anything else in the record whether the two are separate, but related entities, with Texas Serenity Academy, Inc. being the non-profit corporation that operates the School or whether Texas Serenity Academy, Inc. and the School are one and the same. The distinction, if there is one, may be significant given the parties' differing views of Defendant Johnson's role in "Texas Serenity Academy."

should be disqualified from acting as counsel against him in this case pursuant to Rules 1.05, 1.06, 1.09, 1.10 and 1.12 of the Texas Rules of Professional Conduct. In addition, Johnson contends that attorney Tina Andrews' statements in a written filing that she has neither represented Defendant Johnson in his personal capacity, nor practiced in bankruptcy court, are false, and subject to sanctions. With the Motion for Indemnification, Defendant Johnson and Defendant Oliver seek, based on their role(s) as Board members, an Order that both requires Plaintiff Texas Serenity Academy, Inc. to pay their legal fees in this case and indemnify them in the event an adverse judgment is entered against them. Finally, in his Motion for Default Judgment, Defendant Johnson seeks a default judgment against Plaintiffs on the basis that Plaintiffs did not file a timely response to Defendant Johnson's Motion to Disqualify Counsel.

**II.   Counsel-Related Motions (Document Nos. 19, 22 and 25)**

Attorneys practicing before this Court must adhere to the Texas Rules of Professional Conduct.[2] With respect to Johnson's claim that Rules 1.05 and Rule 1.09 require counsel's disqualification, Rule 1.09, Conflict of Interest, provides as follows:

> (a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:
>
> > (1) in which such other person questions the validity of the lawyer's services or work product for the former client;

---

[2] Under the Local Rules of this District, "the minimum standard of practice shall be the Texas Disciplinary Rules of Professional Conduct." The Court is, however, "not limited by that code." Appendix A to Local Rules, "Rules of Discipline United States District Court Southern District of Texas" at Rule 1A, 1B.

> (2) if the representation in reasonable probability will involve a violation of Rule 1.05.
>
> (3) if it is the same or a substantially similar matter.

TEX. R. PROF. CONDUCT 1.09. The key portion of Rule 1.05 prohibits an attorney from using confidential information obtained from a former client against them. TEX. R. PROF. CONDUCT 1.05(b)(2). In determining whether the matters are "substantially related" the Court must apply a two prong test. *In re American Airlines*, 972 F.2d 605, 614 (5th Cir. 1992), *cert. denied*, 507 U.S. 912 (1993). First, the moving party must prove an actual attorney-client relationship. *Id.* Second, the moving party must prove a "substantial relationship" between the subject matter of the previous relationship and the current dispute. *Id.* It is the movant's burden to establish both prongs. *Id.* at 614; *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989) (the movant is required "to establish a preponderance of the facts indicating a substantial relation between the two representations").

Here, while Johnson has pointed to several other cases in which he claims that Tina Andrews represented him personally, Johnson has made no showing that any of those prior cases are "substantially related" to the claims and allegations in this case. Of the prior cases identified by Johnson, only one involved "Texas Serenity Academy" and it involved an alleged breach of a construction contract for renovation work at the School. Johnson has not shown that the issues in that case or any of the other prior cases were similar, much less substantially similar, to the issues in this case. Furthermore, Defendant Johnson has made no showing that either Tina Andrews or Kelly Evans obtained confidential information from him in any of the prior cases that they can use against him in this proceeding.

4

A "substantial relationship may be found only after the moving party delineates with specificity the subject matters, issues and causes of action common to the prior and current representations". *American Airlines*, 972 F.2d at 614 (internal quotation omitted). Because Defendant Johnson has not met his burden of showing that this matter is substantially related to any matter in which either he or one of his companies was represented by Tina Andrews or Kelly Evans, neither attorney is subject to disqualification under either Rule 1.05 or 1.09 of the Texas Rules of Professional Conduct. *See e.g., OneBeacon Ins. Co. v. T. Wade Welch & Assoc.*, 2012 WL 393309 (S.D. Tex. 2012) (Miller, J.) (finding prior work by attorney not substantially related to pending case); *M-I LLC v. Stelly*, 2010 WL 2196281 *6-7 (S.D. Tex. 2010) (Ellison, J.) (denying motion to disqualify where evidence relied on by movant was "too vague for the Court to conclude that the matters are substantially related").

As for Defendant Johnson's argument that Rules 1.06, 1.10 and 1.12 also provide for disqualification, he has not shown that any of those Rules are applicable in this case. Rule 1.06 provides:

> (a) A lawyer shall not represent opposing parties to the same litigation.
>
> (b) In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person:
>
> (1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or
>
> (2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests.

Rule 1.10 provides:

> (a) Except as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after consultation.
>
> * * *
>
> (c) Except as law may otherwise expressly permit, a lawyer having information that the lawyer knows or should know is confidential government information about a person or other legal entity acquired when the lawyer was a public officer or employee may not represent a private client whose interests are adverse to that person or legal entity.

Rule 1.12 provides:

> (a) A lawyer employed or retained by an organization represents the entity. While the lawyer in the ordinary course of working relationships may report to, and accept direction from, an entity's duly authorized constituents, in the situations described in paragraph (b) the lawyer shall proceed as reasonably necessary in the best interest of the organization without involving unreasonable risks of disrupting the organization and of revealing information relating to the representation to persons outside the organization.
>
> (b) A lawyer representing an organization must take reasonable remedial actions whenever the lawyer learns or knows that:
>
> (1) an officer, employee, or other person associated with the organization has committed or intends to commit a violation of a legal obligation to the organization or a violation of law which reasonably might be imputed to the organization;
>
> (2) the violation is likely to result in substantial injury to the organization; and
>
> (3) the violation is related to a matter within the scope of the lawyer's representation of the organization.

Defendant Johnson has not made a prima facie showing that Rules 1.06, 1.10 or 1.12 apply to attorneys Tina Andrews or Kelly Evans. Disqualification is therefore not available on that basis.

Finally, disqualification is not available based on Defendant Johnson's arguments that Tina Andrews and Kelly Evans made false statements to the state court in violation of Rule 3.03 of the

Texas Rules of Professional Conduct. As Defendant Johnson has made no showing that any of the statements he claims were false were made by counsel Andrews and/or Evans with *knowledge* that the statements were false, Rule 3.03 does not apply.[3]

In his two Motion(s) for Sanctions, Defendant Johnson relatedly argues that Tina Andrews falsely stated in a response to a motion to quash she filed in state court, *see* Document No. 19-1, that she had never represented Johnson personally and that she had never practiced in bankruptcy court.

---

[3] Rule 3.03 of the Texas Rules of Professional Conduct provides:
(a) A lawyer shall not knowingly:
(1) make a false statement of material fact or law to a tribunal;
(2) fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act;
(3) in an ex parte proceeding, fail to disclose to the tribunal an unprivileged fact which the lawyer reasonably believes should be known by that entity for it to make an informed decision;
(4) fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
(5) offer or use evidence that the lawyer knows to be false.
(b) If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall make a good faith effort to persuade the client to authorize the lawyer to correct or withdraw the false evidence. If such efforts are unsuccessful, the lawyer shall take reasonable remedial measures, including disclosure of the true facts.

Defendant Johnson claims that a statement made in a state court pleading that he received a cashier's check from Wells Fargo in the amount of $240,000.00 was false and that the bank records proved that he never received such a check. This argument does not evidence that counsel *knew* the statement as to the cashiers check was untrue at the time it was made. Moreover, in the current pleading, Plaintiffs' Fourth Amended Petition, Plaintiffs now allege that Defendant Johnson withdrew $240,000.00 in funds – there is no mention of a cashier's check. As for Johnson's claim that Tina Andrews' statements as to her authority to act on behalf of Texas Serenity Academy are false, the record shows that the state court, prior to removal, was sufficiently convinced of Andrews' authority to act on behalf of Texas Serenity Academy. *See* Document No. 1-9 at pp. 15 of 21. Neither statement by counsel has been shown to be knowingly false when made, and neither statement would support counsel's disqualification.

Neither statement has been shown to be clearly false or objectively unreasonable. Andrews states in response to the motion for sanctions that she

> was not hired to represent defendant personally and was never paid by defendant to represent him personally. Counsel was paid to represent several corporations owned in part by defendant. Counsel has never practiced or represented anyone in bankruptcy court and the records of the bankruptcy court will confirm that. The cases defendant refers to wherein counsel may have represented defendant are cases involving one or more of the companies in which defendant was part owner and the companies were a defendant also.

Document No. 41 at 2. Based on this record, Rule 11 sanctions are not available.[4]

Defendant Johnson's Motion to Disqualify (Document No. 19) and Motions for Sanctions (Document Nos. 22 and 25) are all DENIED.

### III.  Indemnification Motion (Document No. 24)

In the Motion for Indemnification, Defendant Johnson and Defendant Oliver, in reliance on Sections 8.051 and 8.052 of Texas Business Organizations Code, seek an Order requiring Plaintiff Texas Serenity Academy, Inc. to pay their attorneys fees in this case. Sections 8.051 provides as follows:

> (a) An enterprise shall indemnify a governing person, former governing person, or delegate against reasonable expenses actually incurred by the person in connection with a proceeding in which the person is a respondent because the person is or was

---

[4] Under Fed. R. Civ. P. 11 sanctions may be imposed against a party who signs a pleading, motion or other paper that is not well grounded in fact, not warranted by existing law or a good faith argument for its extension, or introduced needlessly for the sole purpose of delay. *City of El Paso v. City of Socorro*, 917 F.2d 7, 2 (5th Cir. 1990). "Rule 11 also permits sanctions where the factual allegations are unsupported or are not likely to be supported after a reasonable opportunity for further discovery. The signing attorney has a duty of reasonable inquiry, but his signature is not a guarantee of the correctness of the legal theories argued, nor is it a guarantee of all alleged facts, especially if the matter is not easily discovered by extrinsic evidence. *Health Net, Inc. v. Wooley,* 534 F.3d 487, 497 (5th Cir. 2008) (internal citations omitted).

> a governing person or delegate if the person is wholly successful, on the merits or otherwise, in the defense of the proceeding.

Similarly, § 8.052 provides:

> (a) On application of a governing person, former governing person, or delegate and after notice is provided as required by the court, a court may order an enterprise to indemnify the person to the extent the court determines that the person is fairly and reasonably entitled to indemnification in view of all the relevant circumstances.

As neither Johnson nor Oliver have asserted a claim to indemnification in their pleadings, and as Sections 8.051 and 8.052 are based on a party's relative success on the merits and consideration of "all the relevant circumstances," an Order for indemnification is not available at this time. Defendants Johnson's and Oliver's "Motion for Mandatory and Court Ordered Indemnification" (Document No. 24) is DENIED.

### IV.  Default Motion (Document No. 35)

In his Motion for Default Judgment, Defendant Johnson seeks a Default Judgment as against Plaintiffs because Plaintiffs did not file a timely response to his Motion to Disqualify Counsel. Notwithstanding the fact that the responses to Defendant Johnson's Motion to Disqualify Counsel were timely filed, *see* Document Nos. 31 and 39, a default judgment is only available if a party fails to "plead or otherwise defend" – meaning that the party has not answered the claims against it.  *See* FED. R. CIV. P. 55.   Because Plaintiffs' responses to Defendant Johnson's Motion to Disqualify Counsel were timely, and because the timeliness of a response to such a motion would not provide a basis for a default judgment in event, Defendant Johnson's Motion for Default Judgment is DENIED.

V.  **Conclusion and Order**

Based on the foregoing and the conclusion that Defendants Johnson and Oliver have not shown, as movants, to be entitled to the relief sought in their motions, it is

ORDERED that Defendant Don R. Johnson's Motion to Disqualify Plaintiff's Counsels of Record (Document No. 19), Defendant Johnson's Motions to Sanction (Document Nos. 22 & 25), Defendant Johnson and Defendant Oliver's Motion for Mandatory and Court Ordered Indemnification (Document No. 24), and Defendant Johnson's Motion for Default Judgment (Document No. 35) are all DENIED.

Signed at Houston, Texas, this 5th day of December, 2012.

Frances H. Stacy
United States Magistrate Judge